EAST BATON ROUGE PARISH C-768215
Filed Sep 16, 2025 12:30 PM 25
Deputy Clerk of Court

**CHOICE HOTELS INTERNATIONAL, INC.** **NUMBER:** **DIV.**

**VERSUS**

**THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC.**
**And**
**EARNEST L. JOHNSON**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**VERSUS**

**FAITH INVESTMENTS, LLC**
**And**
**JULES LEBLANC, III**

**STATE OF LOUISIANA**

---

**MOTION TO VACATE ARBITRATION AWARD WITH ATTACHED MEMORANDUM AND ORDER**

**NOW INTO COURT,** through undersigned counsel, come **The Louisiana Community Development Capital Fund, Inc.** ("CapFund"), a Louisiana 501(c)(3) tax exempt non-corporation domiciled in Baton Rouge, Louisiana and **Ernest Johnson,** a person of the full age of majority and domiciled in Baton Rouge, Louisiana (collectively, "Movers "), who pursuant to La. R.S. 9:4210(C) AND La. R.S. 9:4213, respectfully move this Honorable Court to vacate the untimely arbitration award rendered by the American Arbitration Association ("AAA") in favor of Respondent, **Choice Hotels International, Inc.**, dated September 2, 2025 and received by Attorney Arthur R. Thomas ("Attorney Thomas") on September 8, 2025 in AAA Case No. 01-20-0000-3047.

Movants assert the following grounds:

1. Failure of attorney Thomas to Receive Notice from the AAA between December 1, 2024, and issuance of the award, despite being enrolled counsel of record.
2. Failure of attorney Earnest L. Johnson as co-counsel and pro se party of record to receive any Notices from AAA from June 2020 through the presence.
3. Procedural Misconduct in violation of La. R.S. 9:4210(C) and AAA Rules.
4. Lack of Delivery and tolling of the statutory deadline to vacate under La. R.S. 9:4213.
5. Violation of Louisiana public policy, under La. C.C. arts. 3537 and 3540.

## I. BACKGROUND FACTS

A. Made Respondent herein is Choice Hotels International, Inc., a non-Louisiana corporation with a registered office located at 450 Laurel Street, 8th Floor, Baton Rouge,

Certified True and Correct Copy
CertID: 2025100200723

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Louisiana 70801 with registered agent - Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801.

B. On or about January 31, 2014, the Movers entered into an agreement in Baton Rouge, Louisiana with Choice Hotels International, Inc. ("Respondent"),that included an arbitration clause governed by the rules of the American Arbitration Association (AAA). Arbitration proceedings were initiated, and the AAA appointed a single arbitrator to hear the matter.

C. On June 17, 2020, Movers notified the AAA in writing that Attorney Ernest Johnson was co-counsel of record for Movers, alongside Attorney Arthur R. Thomas. A true and correct copy of this letter is attached as Exhibit A.

D. On October 18, 2024, Attorney Johnson filed and signed Movers' Response to Claimant's Motion for Award, further confirming his active role in the case. A copy of this response is attached as Exhibit B.

**Deficient and Non-Existent Notices**

E. Despite this, Attorney Johnson has executed an affidavit made a part of this Motion to Vacate affirming that he has never received any notices, filings, pleadings, evidence present in this matter including the September 2, 2025 untimely award from the arbitrator or the AAA throughout the arbitration proceedings.

F. As stated in his affidavit made a part hereof Attorney Thomas did not received any prior email notifications from the AAA regarding this proceeding before the September 2, 2025 untimely arbitrator award was submitted in violation of his clients due process rights.

**Untimely Submission of Award by Arbitrator**

G. The arbitrator first closed the hearing record in this case following final submissions due November 1, 2024, and failed to render an award within the 30-day period before December 1, 2024 as required by AAA Rule R-40(c). A copy of the scheduling order in this matter is attached as Exhibit C.

H. After approximately seven months of delay, without notice to Movers' or their consent, and without any application or ruling justifying good cause and in violation of their due process rights, the Arbitrator unilaterally reopened the record on July 1, 2025, extending it until July 29, 2025. Since the Arbitrator reopened the record on July 1, 2025, the question arises as to when he closed the record the first time? AAA has failed to provide any documents to Movers regarding this closing and arbitrary reopening of the record.

STATE OF LOUISIANA
Certified True and Correct Copy
CertID: 2025100200723

Jere' Coates
East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

I. Under AAA Rule R-40(c), after the second closed hearing record without an extension the arbitrator was then required to issue an award within 30 days after the close of the record, or by August 28, 2025.

J. Instead, after approximately nine (9) months of delay, the arbitrator issued the award untimely on September 2, 2025 in violation of Petitioner's due process rights, which was received in attorney Thomas's on Saturday, September 13, 2025. Attorney Thomas read the letter on Monday, September 15, 2025. A copy of the September 2, 2025 letter and Award is attached as Exhibit "D".

**AAA Extension After August 28, 2025 Deadline To Submit Arbitration Award**

K. An August 29, 2025 AAA letter granted the Arbitrator an extension of time after the deadline expired on August 28, 2025. Therefore the extension was null and voided and of no effect. A copy of this letter is attached as Exhibit E.

L. The AAA August 29, 2025 letter reflects that an email notice was sent to Arthur R. Thomas, Attorney at Law, at an email address which is not now or has it ever been the email address of Attorney Thomas. Attorney Thomas' email address is artthomas51@gmail.com. For this reason and as stated in Attorney Thomas email to AAA, communication, notice to Attorney Thomas by the Arbitrator was deficient and is additional grounds for reversal. A copy of Attorney Thomas email dated Saturday, September 13, 2025 email sent to AAA regarding the incorrect email address for him is attached as Exhibit F.

M. The August 29, 2025 letter was sent by AAA by certified mail to attorney Arthur Thomas. The certified letter was received in attorney Thomas's office on Saturday, September 6, 2025. Attorney Thomas first read the letter on Monday, September 8, 2025.

N. On September 10, 2025, through Attorney Johnson Movers submitted a formal objection to the September 5, 2025 late AAA extension, raising concerns over lack of notice, procedural irregularities, and due process violations. Since an untimely final award has been submitted, the AAA case is now considered closed. A copy of the Objection along with exhibits is attached as Exhibit G.

***II. LEGAL BASIS FOR VACATUR***

LSA-C.C. art. 3537 provides that the issue of which state law applies to a conventional obligation "is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." See LSA-C.C. art. 3515. In making this analysis, we must look to each state's connection to the parties and the transaction, as well as its interests in

STATE OF LOUISIANA · CLERK OF COURT · PARISH OF EAST BATON ROUGE
Certified True and Correct Copy
CertID: 2025100200723
East Baton Rouge Parish
Deputy Clerk Of Court
Generated Date:
10/2/2025 2:59 PM

the conflict, to determine which state would bear the most serious legal, social, economic, and other consequences if its laws were not applied to the issues at hand. LSA-C.C. art. 3537, Comment (c).

**A. Under Louisiana Law (La. R.S. § 9:4210)**

The Court shall vacate an arbitration award if:

"(3) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced."

"(4) The arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made."

See also: **La. R.S. §§ 9:4211–4213.**

**B. Under Federal Law (FAA, 9 U.S.C. § 10)**

Similarly, under the **Federal Arbitration Act**, vacatur is appropriate where:

"(3) The arbitrators were guilty of misconduct... or of any other misbehavior by which the rights of any party have been prejudiced."

"(4) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award... was not made."

***III. ARGUMENT***

Clearly, Louisiana is the state of choice under article 3537. The hotel is located in Louisiana; the financing of the hotel franchise fee was obtained in Louisiana; Faith is a Louisiana limited liability company; Capfund is a Louisiana 501(c)(3) tax-exempt non-profit corporation; Earnest Johnson and Jules LeBlanc are/were Louisiana residents; the hotel would have served visitors to Louisiana; Choice has a principle place of business in Louisiana; and Faith, Capfund, Jules LeBlanc and Earnest Johnson executed the documents in Louisiana. Additionally, Louisiana has a strong public policy in ensuring that arbitration clauses that are adhesionary are not enforced in the state. Therefore, LSA-C.C. art. 3540 precludes the application of Maryland law herein to the extent that the application of Maryland law would reach a different result than that reached by the application of Louisiana. See, *Vishal Hospitality v. Choice Hotels Intern.*, 907 So.2d 80 (La.App. 1 Cir. 2005).

**A. Failure to Provide Due Process and Notice Warrants Vacatur**

Movers were deprived of due process when the AAA and arbitrator failed to provide Attorney Johnson with notices, pleadings, and communications, despite written notice of his representation.

Certified True and Correct Copy
CertID: 2025100200723

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

The failure to notify co-counsel of developments in the arbitration — including the appointment of new counsel for another party — substantially impaired Movers' ability to defend themselves and respond adequately. This violates fundamental notions of fair procedure and constitutes "misbehavior by which the rights of a party have been prejudiced" under both La. R.S. 9:4210(3) and 9 U.S.C. § 10(a)(3).

**B. The Arbitrator Exceeded His Authority and Violated Agreed Rules**

Under AAA Rule R-40(c), the arbitrator is required to issue an award within 30 days of the record closing, unless the parties consent or the AAA grants an extension for good cause. Here:

- The first deadline (30 days after November 1, 2024) was missed without consent or cause.
- The arbitrator then unilaterally reopened the record on July 1, 2025 — without consent.
- The second deadline (August 28, 2025) was also missed, with the award issued on September 2, 2025.

While minor delays alone are not always sufficient to vacate an award, multiple violations of procedural deadlines, especially when combined with a lack of notice, reflect a pattern of disregard for agreed rules and fair process.

These actions exceeded the arbitrator's powers and justify vacatur under La. R.S. 9:4210(4) and 9 U.S.C. § 10(a)(4).

***IV. PRAYER FOR RELIEF***

WHEREFORE, Movers respectfully request that this Honorable Court:

A. Grant this Motion to Vacate Arbitration Award;

B. Set this matter for hearing;

C. Vacate the arbitration award rendered on September 2, 2025;

D. Grant such further relief as the Court deems just and proper, including the cost of these proceedings.

Respectfully submitted,

[signature]

ERNEST L. JOHNSON
Attorney at Law
Bar #07290
3313 Government Street
Baton Rouge, LA 70806
(225) 413-3219
ernestjohnson@lacapfund.com

Certified True and Correct Copy
CertID: 2025100200723

[signature]
East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

ARTHUR R. THOMAS
Attorney at Law
Bar Roll # 12797
3313 Government Street
Baton Rouge, LA 70806
(225) 802-4199
artthomas51@gmail.com

Attorney for Movers
**The Louisiana Community Development Capital Fund, Inc. and Earnest Johnson**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Vacate Arbitration Award was served upon all counsel of record via U. S. Mail postage prepaid on this 16th day of September, 2025 at Baton Rouge, Louisiana.

ERNEST L. JOHNSON
**Attorney for Movers**

Certified True and Correct Copy
CertID: 2025100200723

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EAST BATON ROUGE PARISH C-768215
Filed Sep 16, 2025 12:30 PM 25
Deputy Clerk of Court

# AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

BEFORE ME, the undersigned Notary Public, personally came and appeared: **EARNEST L. JOHNSON**, authorized representative of **The Louisiana Community Development Capital Fund, Inc.** ("Capfund"), who, after being duly sworn, did depose and state:

1. Capfund was named as a Respondent and Guarantor in an arbitration proceeding initiated by Choice Hotels International, Inc.

2. At no time between December 1, 2024, and September 8, 2025, did Capfund or its officers receive any notices, correspondence, pleadings, or procedural documents from the American Arbitration Association (AAA).

3. Capfund was represented in the matter by Attorney Arthur Thomas and Attorney Ernest L. Johnson.

4. Capfund was unaware that the arbitration process had proceeded, or that any extensions, hearing or final award had occurred, until after receipt of the award by Attorney Thomas on or about September 8, 2025.

5. Had Capfund received proper notice, it would have contested the claims made in the arbitration and participated in the proceedings.

**FURTHER AFFIANT SAYETH NAUGHT.**

[signature]
**EARNEST L.JOHNSON**
**Title: President**

Sworn to and subscribed before me this 16th day of September 2025.

[signature]
**ARTHUR R. THOMAS, BAR ROLL NO. 12797**
**NOTARY PUBLIC**
**My Commission Expires: Indefinitely**

Certified True and Correct Copy
CertID: 2025100200724

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EAST BATON ROUGE PARISH C-768215
Filed Sep 16, 2025 12:30 PM 25
Deputy Clerk of Court

# AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**ARTHUR R. THOMAS**, an attorney duly licensed to practice law in the State of Louisiana, who did depose and state:

1. I was retained to represent Capfund and Earnest L. Johnson in an arbitration proceeding brought by Choice Hotels International, Inc.
2. From approximately December 1, 2024, until September 8, 2025, I did not receive any communications from the American Arbitration Association (AAA) regarding the status of the case, notices of hearings, deadlines, or procedural developments.
3. I later learned that the AAA had been using an incorrect email address for me during this period.
4. At no point did the AAA notify me by alternate means (mail, phone, or verified address), despite my appearance on record and prior participation in the matter.
5. I did not receive a copy of the final arbitration award until on or about September 8, 2025.
6. He hereby enters this formal objection to all proceedings impacting his clients as a result of violations of their rights to constitutional due process and a fair trial pursuant to the U. S. Constitution and the Louisiana Constitution.

**FURTHER AFFIANT SAYETH NAUGHT.**

[signature]

**ARTHUR R. THOMAS**

Sworn to and subscribed before me this 16th day of September 2025.

[signature]

**ERNEST L. JOHNSON, BAR ROLL NO. 07290**
**NOTARY PUBLIC**
**My Commission Expires: Indefinitely**

Certified True and Correct Copy
CertID: 2025100200725

[signature]
East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EAST BATON ROUGE PARISH C-768215
Filed Sep 16, 2025 12:30 PM 25
Deputy Clerk of Court

**AFFIDAVIT**

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

**BEFORE ME**, the undersigned Notary Public, personally came and appeared:

**ERNEST L. JOHNSON**, who being duly sworn, did depose and state:

1. I am an attorney licensed in Louisiana and was counsel of record and a named party (guarantor) in the arbitration proceeding filed by Choice Hotels International, Inc.

2. I enrolled in the arbitration in June 2020 and had previously participated in correspondence and pre-arbitration matters with the AAA and opposing counsel.

3. Between December 1, 2024, and September 8, 2025, I did not receive a single notice, email, or communication from the American Arbitration Association concerning hearings, filings, procedural updates, or the final award.

4. I was unaware that the arbitration had proceeded to final award until informed by Attorney Arthur Thomas in September 2025.

5. I never withdrew from the arbitration and was available to participate had notice been properly given.

**FURTHER AFFIANT SAYETH NAUGHT.**

**Earnest L. Johnson**

Sworn to and subscribed before me this 16th day of September 2025.

**ARTHUR R. THOMAS, BAR ROLL #12797**
**NOTARY PUBLIC**

Certified True and Correct Copy
CertID: 2025100200726

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EAST BATON ROUGE PARISH C-768215
Filed Sep 16, 2025 12:30 PM 25
Deputy Clerk of Court

**CHOICE HOTELS INTERNATIONAL, INC.** **NUMBER:** **DIV.**

**VERSUS**

**THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC. And EARNEST L. JOHNSON**

**VERSUS**

**FAITH INVESTMENTS, LLC And JULES LEBLANC, III**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

---

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE ARBITRATION AWARD**

---

***MAY IT PLEASE THE COURT:***

## *I. INTRODUCTION*

Movers, The Louisiana Community Development Capital Fund, Inc. and Earnest Johnson, submit this memorandum in support of their Motion to Vacate the untimely arbitration award issued on September 2, 2025 after the December 1, 2024 deadline and received in attorney Arthur R. Thomas's office on Saturday, September 13, 2025, in an arbitration administered by the American Arbitration Association ("AAA"). This award should be vacated due to (1) the arbitrator's failure to provide proper notice to Movers' counsel and co-counsel, (2) procedural irregularities and due process violations, and (3) the arbitrator's repeated failure to comply with the AAA's mandatory rules for issuing a timely award.

## *II. LEGAL STANDARDS*

### A. Louisiana Law

Under **La. R.S. 9:4210**, the court shall vacate an arbitration award where:
"(3) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause... or in refusing to hear evidence... or of any other misbehavior by which the rights of any party have been prejudiced."

> "(4) The arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award... was not made."

### B. Federal Law – Federal Arbitration Act (FAA)

The same grounds are codified in **9 U.S.C. § 10**:

Certified True and Correct Copy
CertID: 2025100200727
East Baton Rouge Parish
Deputy Clerk Of Court
Generated Date:
10/2/2025 2:59 PM

"(a)(3) Where the arbitrators were guilty of misconduct... or of any other misbehavior by which the rights of any party have been prejudiced;"

"(a)(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award... was not made."

## *III. ARGUMENT*

### A. Movers Were Denied Due Process by Lack of Notice

The arbitrator and AAA were informed in writing on June 17, 2020 **that** Attorney Earnest Johnson was co-counsel for Movers. He also signed substantive pleadings, including the October 18, 2024 response to the motion for award. Despite this, Attorney Johnson received no subsequent filings, notices, or procedural updates from the AAA or arbitrator. Attorney Arthur R. Thomas states he received no email notices prior to the September 2, 2025 arbitration award. Additionally, Attorney Thomas states that there is an incorrect email address listed for him on the AAA's August 29, 2025 late extension given to Arbitrator submit award.

Courts have routinely held that parties must receive meaningful notice and opportunity to be heard. See:

- *Sunshine State Ins. Co. v. Jones*, 77 So.3d 374 (La. App. 5 Cir. 2011) (vacating award for failure to allow full participation);
- *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649 (5th Cir. 1979) (award vacated where arbitrator denied party a fair hearing).

Failure to notify counsel of record amounts to misconduct under both La. R.S. 9:4210(3) **and** 9 U.S.C. § 10(a)(3).

### B. Arbitrator Exceeded His Authority and Violated Agreed Procedure

Under AAA Commercial Rule R-40(c):

"The award shall be made no later than 30 calendar days from the date of the closing of the hearing..."

- First, the hearing record closed after submissions due November 1, 2024 — no decision was issued by the required date in early December 2024.
- Second, the arbitrator unilaterally reopened the record on July 1, 2025, without request, motion, or consent of both parties.
- Third, the award was issued on September 2, 2025, five days beyond the required 30-day deadline following the final closing on July 29, 2025.

Certified True and Correct Copy
CertID: 2025100200727

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Such delays, especially when repeated and unauthorized, show the arbitrator exceeded his authority and failed to render a "final, mutual, and definite" award in a timely manner. See:

- *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008);
- *Delta Queen Steamboat Co. v. Dist. 2 Marine Engineers*, 889 F.2d 599 (5th Cir. 1989).

**C. Movers Were Prejudiced**

These procedural failures are not harmless. Movers were:

- Denied the ability to respond meaningfully to critical events (e.g., the appointment of counsel for another party, Jules LeBlanc);
- Shut out from critical communications, despite having identified Attorney Johnson as co-counsel;
- Subjected to an arbitration process that disregarded agreed procedural rules.

Vacatur is warranted under both Louisiana and federal law.

***IV. CONCLUSION***

For the foregoing reasons, Movers respectfully request that this Honorable Court:

A. GRANT their Motion to Vacate Arbitration Award;

B. VACATE the arbitration award issued on September 2, 2025;

C. Award such further relief as the Court deems just and proper.

Respectfully submitted,
ERNEST L. JOHNSON
Attorney at Law
Bar #07290
3313 Government Street
Baton Rouge, LA 70806
225-413-3219
ernestjohnson@lacapfund.com

ARTHUR R. THOMAS
Attorney at Law
Bar Roll # 12797
3313 Government Street
Baton Rouge, LA 70806
(225) 802-4199
artthomas51@gmail.com

Attorneys for Movers
**The Louisiana Community Development Capital Fund, Inc.**
and **Dr. Earnest Johnson**

Certified True and Correct Copy
CertID: 2025100200727
East Baton Rouge Parish
Deputy Clerk Of Court
Generated Date:
10/2/2025 2:59 PM

CERTIFICATE

I hereby certify that a copy of these pleadings have been served on the Respondent by placing copies of the same in the U. S. Mail, postage prepaid addressed to their counsel of record. This 16th day of September, 2025 at Baton Rouge, Louisiana.

ERNEST L. JOHNSON

Certified True and Correct Copy
CertID: 2025100200727

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EAST BATON ROUGE PARISH C-768215
Filed Sep 16, 2025 12:30 PM 25
Deputy Clerk of Court

**CHOICE HOTELS INTERNATIONAL, INC.** **NUMBER:** **DIV.**

**VERSUS**

**THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC.**
**And**
**EARNEST L. JOHNSON**

**VERSUS**

**FAITH INVESTMENTS, LLC**
**And**
**JULES LEBLANC, III**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

---

**ORDER**

Considering the Motion to Vacate Arbitration Award filed by Movers, **The Louisiana Community Development Capital Fund, Inc.** and **Earnest Johnson**, and the supporting memorandum, exhibits, and applicable law:

**IT IS ORDERED** that the Defendant, **CHOICE HOTELS INTERNATIONAL, INC.**, be and is hereby **ordered to show cause** on the 5 day of November, 2025, at 9 o'clock a.m., in court room 10C of the 19th Judicial District Court, 300 North Blvd., Baton Rouge, Louisiana, 70801, why judgment should not be rendered:

1. Granting the Motion to Vacate Arbitration Award;
2. Vacating the untimely arbitration award issued on **September 2, 2025** pursuant to La. R.S. 9:4210 **and** 9 U.S.C. § 10.
3. Granting all other equitable relief including the cost of these proceedings.

THUS DONE AND SIGNED in Baton Rouge, Louisiana, this 23 day of September 2025.

[signature]

**JUDGE, 19th *Judicial District Court***

Please serve:

Defendant Choice Hotels International, Inc.
through its agent for service of process
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

Certified True and Correct Copy
CertID: 2025100200728

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EAST BATON ROUGE PARISH C-768215
Filed Sep 16, 2025 12:30 PM 25
Deputy Clerk of Court

-EXHIBIT-"A"

**ARTHUR R. THOMAS**
**ARTHUR R. THOMAS & ASSOCIATES**
**3313 Government Street, Suite B**
**Baton Rouge, Louisiana 70806**
**(225) 802-4199**

BY: FAX AND REGULAR MAIL

June 17, 2020
(10:15 AM CT/11:00 AM ET)

Frances Crusoe
Service Case Administrator
2200 Century Parkway, Suite 300
Atlanta, GA 30345

Case Number 01-20-0000-3047

Choice Hotel International, Inc.
-vs-
Faith Investment, L.L.C., The Louisiana Community
Development Capital Fund, Inc. "Capfund",
Dr. Ernest Johnson and Jules B. LeBlanc, III

Dear Administrator:

Dr. Ernest Johnson and I representing the Louisiana Community Development Capital Fund, Inc. were on the conference call beginning at 10:00 AM CT/11:00 AM ET. We stayed on the call until 10:15 AM CT/11:15 AM ET and neither the arbitrator nor any of the other parties joined the call. After calling your office and leaving a message we terminated the call and wrote this letter to you.

Please advise.

Sincerely,

/s/

Arthur R. Thomas

Cc: Dr. Ernest L. Johnson

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Exhibit "B"

**BEFORE THE AMERICAN ARBITRATION ASSOCIATION**

***In the matter between:***

**CHOICE HOTELS INT'L., INC.**

**Claimant,**

**Case No.: 01-20-0000-3047**

**and**

**FAITH INVESTMENTS, LLC, et al**

**Respondent.**

---

**THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC. AND DR. EARNEST L. JOHNSON, RESPONSE WITH INCORPORATED MEMORANDUM TO MOTION FOR AWARD**

The Louisiana Community Development Capital Fund, Inc. through counsel and Dr. Ernest L. Johnson as co-counsel and in proper person ("Respondents") and pursuant to the Order of the Arbitrator, request that this Motion for Award filed by Choice Hotels International, Inc. be dismissed for failure of consideration. Respondents hereby submit this Response with Incorporated Memorandum with accompanying Affidavits and Exhibits.

## I. STATEMENT OF THE CASE

On or about January 31, 2014, Faith Investment, LLC ("Faith Investment, LLC") domiciled in East Baton Rouge Parish, Louisiana represented by Jules B. Leblanc, III ("Mr. LeBlanc) executed a franchise agreement ("Franchise Agreement") in East Baton Rouge Parish, Louisiana with Choice Hotels Internationl, Inc. ("Choice") construction, opening and operation of a hotel to be located on Interstate 20 in Grambling, Louisiana ("Hotel").

On that same date, The Louisiana Community Development Capital Fund, Inc. "Capfund", and Dr. Earnest L. Johnson (hereinafter referred to collectively as the "Non-Franchisee Guarantors") executed a Guaranty without payment of any consideration (hereinafter



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

"Guaranty") in East Baton Rouge Parish, Louisiana guaranteeing timely performance of any and all of Franchisee's obligations arising under the Franchise Agreement, including payment of any and all amounts owed.

Respondents contend that the Franchise Agreement is the best evidence of what it contains. (See Exhibit C-2). The Franchise Agreement was later amended by Choice and Jules B. LeBlanc III to extend the construction start deadline until October 31, 2015 ("Amended Agreement")[1]. Respondents contend that Choice incorrectly alleges that The Louisiana Community Development Capital Fund, Inc. and Dr. Earnest L. Johnson agreed to extend the construction deadline and failed to commence construction.[2] The Louisiana Community Development Capital Fund, Inc., and Dr. Earnest L. Johnson did not agree or sign the Amended Agreement. Additionally they were not notified of the Amended Agreement by Choice in violation of their due process rights under the Fourteenth Amendment of the United States Constitution.

Choice further stated that it issued to Respondent a written Notice of Default dated July 19, 2018,[3] requiring that the default be cured within thirty (30) days at risk of termination. Respondents allege that when the Notice of Default was issued Mr. LeBlanc, signor on the amended agreement, had been suffering with Parkinson disease for approximately 13 years and had become so ill that he was no longer able to complete the project.[4] According to his obituary, Mr. LeBlanc died May 23, 2020.

---

[1] See Exhibit C-3
[2] See Choice's Motion for Award page 2, paragraph 3
[3] See Exhibit C-4
[4] See obituary of Jules B. LeBlanc III dated May 25, 2020 attached hereto and made a part hereof marked Respondents-A for identification herewith.



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

On information and belief, Respondents contend that Mr. LeBlanc sent Choice ι TWENTY-FIVE THOUSAND 00/100 ($25,000.00) DOLLARS franchise fee for Faith Investments represented by IOLTA Trust Account Check No. 9010 dated January 31, 2014.[5] Respondents further contend that the TWENTY-FIVE THOUSAND 00/100 ($25,000.00) DOLLARS should be applied as a credit in favor of Faith Investment in this proceeding.

## II. ARGUMENT

Respondents hereby request that their Answers with attachments previously filed in this matter by attorney Arthur R. Thomas on their behalf be made a part of this Response.

### A. LACK OF CONSIDERATION

The Supreme Court of Maryland, Wolcott, C.J., held that agreement which purported to resolve all disputes between employee and his corporate employer and which included provision for employer's purchase of corporate stock from employee was valid basis for employee's court action to recover balance of agreed purchase price of stock and employee's agreement to forbear prosecution and to dismiss such action was valid consideration for note for balance of purchase price executed by employer even though employee's bona fide claim to ownership of stock was disputed. Reversed and remanded with instructions to enter judgment for payee.[6]

If there is failure to consideration, even though the contract be under seal, then the contract is unenforceable because some supervening cause has made performance impossible.[7]

---

[5] See copy of $25,000.00 check from Respondents business records attached hereto and made a part hereof marked Respondents - B for identification herewith.
[6] *Hensel v. U. S. Electronics* Corp., Supreme Court of Delaware. January 13, 1970 262 A.2d 648.

[7] 1 *Williston on Contracts* (3rd Ed.), s 119A; 17 Am.Jur.2d, Contracts, s 397.



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

A valid contract exists when (1) the parties intended that the contract would bind them, (2) the terms of the contract are sufficiently definite, and (3) the parties exchange legal consideration.[8]

The Louisiana Community Development Capital Fund, Inc. and Dr. Earnest L. Johnson contends that a valid guaranty contact did not exist with Choice because the parties did not exchange legal consideration. Therefore, the guaranty contract should be declared null and void.

Stockholder of acquired corporation brought declaratory-judgment action against buyer, acquired corporation, company that functioned as acquisition vehicle, and stockholders' representative, asserting that certain provisions of merger agreement were contrary to Delaware General Corporation Law (DGCL). Stockholder moved for judgment on the pleadings. Holdings: The Court of Chancery, Parsons, Vice Chancellor, held that: (1) letter of transmittal's release obligation was not supported by consideration and thus was unenforceable; (2) indemnification obligation prevented stockholders from determining value of merger consideration and thus violated statute governing merger of corporations; and (3) merger statute, not statute allowing corporations to make their stockholders liable for corporate debts, governed issue whether indemnification obligation impermissibly made stockholders liable for debts of acquired corporation. Motion granted in part and denied in part.

...Enforceable contract requires an offer, acceptance, and consideration....[9]

..."Failure of consideration occurs when the bargained-for consideration is not rendered by one of the parties, while lack of consideration refers to the complete absence of a bargained-for consideration." ...

---

[8] *Osborn ex rel. Osborn v. Kemp*, Supreme Court of Delaware, March 25, 2010 991 A.2d 1153 2010 WL 1112373.

[9] *Cigna Health and Life Insurance Company v. Audax Health Solutions, Inc.*, Court of Chancery of Delaware. November 26, 2014 107 A.3d 1082 2014 WL 6784491



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

...In this matter, the Court found a lack of consideration due to the complete absence of consideration between the parties that rendered the "contract " unformed, and so unenforceable....[10]

**B. CREDIT FOR TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS**

Respondents contend that Faith Investments should be given a credit for the $25,000.00 consideration of advance franchise deposit since the franchise was not awarded by Choice.

**C. INTERVENING FACTOR**

Respondents further contend that Mr. LeBlanc's battle and loss of life to Parkinson disease should not be held against him not completing the Hotel project. His alleged default was not intentionally and due to death which we humbly request that all parties honor and repect in not finding him in intentional fault on the Hotel project.

**III. CONCLUSION**

Dr. Earnest L. Johnson contends that he received no consideration for signing the guaranty agreement and the agreement should be declared null and voided for lack of consideration.[11]

The Louisiana Community Development Capital Fund, Inc. contends that it received no consideration for signing the guaranty agreement and the agreement should be declared null and voided for lack of consideration.[12]

Both respondents contend that the Choice's motion should be dismissed based on the failure of Mr. LeBlanc to complete the Hotel project as a result of his serious illness

---

[10] *Lyons v. DBHI, LLC*, Court of Common Pleas of Delaware, Sussex County. January 27, 2010 Not Reported in A.2d 2010 WL 335634

[11] See affidavit of Earnest L. Johnson attached hereto and made a part hereof marked Respondents – C for identification herewith.

[12] See affidavit of Earnest L. Johnson attached hereto and made a part hereof marked Respondents – C for identification herewith.



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Finally Respondents object to the alleged damages presented in this matter by Choice because Respondents have not received prior notice or approve of same in violation of their due process rights. Additionally, Respondents argue that the $25,000.00 deposit should be applied to cost the cost of these proceedings, The Louisiana Community Development Capital Fund, Inc. Dr. Earnest L. Johnson and Choice.

**Respectfully submitted,**

/s/

**Arthur R. Thomas (#12797)**
**Email: artthomas51@gmail.com**
/s/
**Ernest L. Johnson (#07290)**
**Email: ernestjohnson@lacapfund.con**
**3313 Government Street**
**Baton Rouge, LA 70806**
**Telephone: 225.334-7400**
**Facsimile: 225.334.7491**

**CERTIFICATEOF SERVICE**

I, Arthur R. Thomas, HEREBY CERTIFY that a copy of the above and foregoing has been served on the Arbitrator, AAA and all counsel of record by placing a copy of same in the Federal Express, properly addressed and with adequate postage affixed thereon.

Baton Rouge, Louisiana, this 18th day of October, 2024.

/s/
**Arthur R. Thomas**



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EXHIBIT - "C"

AMERICAN ARBITRATION ASSOCIATION

PRELIMINARY HEARING AND SCHEDULING ORDER

Case Number: 01-20-0000-3047

Claimant: Choice Hotels International, Inc.

-vs-

Respondent: Faith Investments, LLC, The Louisiana Community

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective September 1, 2022, a preliminary hearing was held telephonically before Arbitrator Ronald A. Kienlen on August 9, 2024, at 11:00 AM, ET.

All parties were notified of this preliminary hearing by written notice of July 23, 2024, issued by the AAA. The following were present:

For Claimant: Zachary E. Berge, Esq.
For Respondent: No one appeared on behalf of the Respondent.
For AAA: Frances Crusoe, Manager of ADR Services.

**SCHEDULING ORDER**

1. Subject to proper objection by the Respondent, this arbitration will be submitted on the record. If the Respondent objects and wants an in-person hearing, the Respondent's objection must be properly submitted and received no later than Friday September 13, 2024.

2. If Respondent requests an in-person hearing, the Claimant shall respond no later than Friday, September 27, 2024.

3. If the Respondent has not timely objected to submission on the record, the Claimant shall file its detailed claim, supported by appropriate proof and supporting evidence, no later than Tuesday, October 1, 2024.

4. Thereafter, the Respondent shall file its response no later than Tuesday, October 22, 2024.

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

5. The Claimant shall file any reply no later than Friday, November 1, 2024.

6. Thereafter, the Arbitrator shall issue its decision within 30 days of the hearing record being confirmed as closed.

7. Communications by the parties may be directed to the Arbitrator at the following email address: rkienlen@earthlink.net. Any and all communication to the Arbitrator shall be in writing and shall be simultaneously submitted to the other party and to the AAA.

Dated this 21st day of August 2024.

/s/Ronald A. Kienlen
Arbitrator

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EXHIBIT - "D"

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Southeast Case Management Center
Jillian Garrett
Assistant Vice President
2200 Century Parkway
Suite 300
Atlanta, GA 30345
Telephone: (404)325-0101
Fax: (877)395-1388

September 2, 2025

Zachary E. Berge, Esq.
Choice Hotels International, Inc.
915 Meeting St, Ste 600
Bethesda, MD 20852
Via Email to: zachary.berge@choicehotels.com

Arthur R. Thomas, Esq.
Arthur R. Thomas & Associates, LLC
3313 Government Street
Baton Rouge, LA 70806
Via US and Certified Mail to: 9489 0090 0027 6508 8995 86
Email to: rthomas51@gmail.com

Jules LeBlanc, III
Faith Investments, LLC
14725 Villa Court
Baton Rouge, LA 70818
Via US and Certified Mail to: 9489 0090 0027 6508 8995 93

Case Number: 01-20-0000-3047

Choice Hotels International, Inc.
-vs-
The Louisiana Community Development Capital Fund, Inc. "Capfund", and Dr. Earnest Johnson
-vs-
Faith Investments, LLC and Jules B. LeBlanc, III

Dear Parties:

The American Arbitration Association (the AAA) hereby transmits the enclosed duly executed award in the above-referenced matter. Please direct all further communication to the AAA. The parties will have no further direct communication with the arbitrator.

The AAA has conducted a financial reconciliation, and each party will receive a separate accounting for this matter based on that reconciliation. Any party with an outstanding balance will receive monthly invoices until the balance is paid in full.

Any outstanding balances the parties may owe the AAA for the administrative fees or arbitrator compensation and expenses incurred during the case remain due and payable to the AAA even after the award is issued, regardless of whether the award apportioned these costs between the parties.

Please note that the AAA WebFile® ECF Guidelines will not apply after closing of the case. Therefore, any additional submissions from the parties in this matter should be submitted via email to the AAA, with copies sent to all other parties.

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Pursuant to AAA policy, in the normal course of our administration, we may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of documents that the AAA maintains indefinitely in our system, the AAA will destroy electronic case documents 18 months after the date of this correspondence.

We appreciate the opportunity to assist you in resolving your dispute. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

Tatenda Rameau
Case Administrator
Direct Dial: (404)868-4846
Email: commercialservice@adr.org

cc: Jules LeBlanc , Designated Rep., III; Jamie L. Thrasher; Ronald A. Kienlen

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**AMERICAN ARBITRATION ASSOCIATION**
**COMMERCIAL ARBITRATION TRIBUNAL**

---

**Case #01-20-0000-3047**

**Claimant: Choice Hotels International, Inc.,**
**Claimant**

**v.**

**Respondents: The Louisiana Community Development Capital Fund, Inc. "Capfund", and Dr. Earnest Johnson; Faith Investments, LLC, and Jules B. LeBlanc, III**

---

## AWARD OF THE ARBITRATOR

I, RONALD A. KIENLEN, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties (Claimant, Choice Hotels International, Inc., represented by internal counsel Zachary E. Berge; Respondents, The Louisiana Community Development Capital Fund, Inc. "Capfund", and Dr. Earnest Johnson represented by Arthur Thomas from Arthur R. Thomas & Associates, LLC; self-represented Respondents, Faith Investments, LLC, and Jules B. LeBlanc, III;) dated on or about January 31, 2014, as amended from time to time; and, having been duly sworn; and, an oral hearing having been waived in accordance with the Rules, and having fully reviewed and considered the allegations and proofs supported by the written documents submitted to me by the parties, hereby FIND and AWARD as follows:

### INTRODUCTION

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective October 1, 2013, a preliminary telephonic hearing was held on August 9, 2024, at 11:00 AM ET, before Arbitrator Ronald A. Kienlen.

The Claimant was represented by its counsel. The Respondents did not make an appearance.

The Arbitrator directed that this arbitration will be submitted on the written record, unless a Respondent objects and wants an in-person hearing. No Respondent requested an in-person hearing.



STATE OF LOUISIANA • CLERK OF COURT • PARISH OF EAST BATON ROUGE

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

In the absence of any Respondent objecting to submission on the record, the Claimant was directed to submit, no later than Tuesday, October 1, 2024, a full statement of its claims and to submit such motions and evidence as it deems necessary to support its claims.

The Claimant has submitted its motion for judgment with supporting documentation. On October 18, 2024, the Respondents, Dr. Ernest Johnson and the Louisiana Community Development Capital Fund, Inc, responded to the Claimant's Motion for Award, with a motion and evidence.

Thereafter, on November 8, 2024, the Claimant submitted its reply to Respondent's Response to Claimant's Motion for Award.

Rule R-31 of the AAA Rules provides that an award shall not be made solely on the default of a party. I have reviewed and considered all the evidence submitted by the Claimant, as well as that submitted by the Respondents.

## Background and Positions of the Parties

### CLAIMANT'S POSITION

As set forth in Claimant's motion for award, on or about January 31, 2014, Faith Investments, LLC, entered into a Franchisee Agreement with Choice Hotels International, Inc., for the construction and operation of an 80 room Mainstay Hotel. The Franchise Agreement was signed on behalf of Faith Investments, LLC by Jules B. LeBlanc, III, as the Manager/Member of Faith Investments, LLC, and by Dr. Ernest L. Johnson, as the Manager of Faith Investments, LLC.

According to Schedule A – Entity Ownership Breakdown, which Schedule was attached to the end of the Franchise Agreement, the ownership of Faith Investments, LLC, was divided between two parties. The Louisiana Community Development Capital Fund, Inc., which owned 51 percent of Faith Investments, LLC, and Jules B. LeBlanc, III, who owned the remaining 49 percent ownership of Faith Investments, LLC.

Concurrently with the execution of the Franchise Agreement, a Guaranty was executed by the Louisiana Community Development Capital Fund, Inc., by Dr. Earnest L. Johnson, as the President. Also signing the Guaranty was Jules B. LeBlanc, III, individually and Dr. Earnest L. Johnson, individually. Each Guarantor "unconditionally guarantees that all of the Franchisee's obligations under the Franchise Agreement, as amended, and all related agreements will be punctually paid and performed." (Para 2 of the Guaranty, Claimant's Exhibit C-2)

According to the Franchise Agreement, construction of the hotel was to begin within twelve (12) months and to begin operating twelve (12) months thereafter. This was a total period of twenty-four (24) months.

On January 31, 2014, Jules LeBlanc, III, wrote a check for twenty-five thousand dollars ($25,000.00) to Choice Hotels, noting that the check was on behalf of Faith Investments, LLC,



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

for the Franchise Fee. (Respondent's Exhibit B). Payment of this fee was required by section 4 of the Franchise Agreement. It was referred to as "an affiliation fee" that "is fully earned and non-refundable when both you and we sign this Agreement whether or not you open the Hotel." (Claimant's Exhibit C-1).

As noted above, on or about January 31, 2014, The Louisiana Community Development Fund, Inc., a Louisiana corporation, Jules B. LeBlanc, III, individually, and Dr. Earnest L. Johnson, individually, jointly, and severally, signed a Guaranty, guaranteeing timely performance of any and all of the Franchisee's obligations under the Franchise Agreement.

The Franchise Agreement required Respondents to commence construction of the hotel within twelve (12) months of the effective date of the Franchise Agreement; and, to open the hotel to guests within twelve (12) months of the construction start date. (Claimant's Exhibit C-1, Section 6 (r) (2) and Section 6 (r) (3)). The Respondents failed to timely begin construction. The parties, nevertheless, agreed to extend the "construction start" deadline until October 31, 2015. (Claimant's Exhibit C-3).

Respondents failed to commence construction by October 31, 2015. Moreover, Respondents had not completed construction nor begun to operate the hotel within an additional twenty-four (24) months of the extended construction start date. Thereafter, by written notice dated July 19, 2018, Claimant issued to Respondents a written Notice of Default, requiring the default to be cured within thirty (30) days or risk termination. (Claimant's Exhibit C-4).

On or about November 6, 2018, a representative of the Claimant traveled to the intended hotel site and reported that there was no hotel operating at the intended hotel site. (Claimant's Exhibit C-5). Thereafter, by notice dated November 19, 2018, the Claimant issued a Notice of Termination to the Respondent. (Claimant's Exhibit C-6).

The Franchise Agreement provided that any dispute between the parties would be decided by arbitration under the rules of the American Arbitration Association.

The Claimant seeks, in lieu of lost profits, liquidated damages in the amount of $115,200.00, as provided in section 10 (d) (3) of the Franchisee Agreement. (Claimant's Exhibit C-1) Additionally, pursuant to Section 16 of the Franchise Agreement, Claimant seeks reimbursement of all costs of this arbitration, including the arbitrator's fee and cost of the proceedings.

## POSITION OF RESPONDENTS

There are several Respondents in this case. They are: Faith Investments, LLC; The Louisiana Community Development Capital Fund, Inc.; Jules B. LeBlanc, III. (Mr. LeBlanc apparently died May 23, 2020); and Dr. Earnest Johnson.

Respondents Dr. Earnest Johnson and The Louisiana Community Development Capital Fund, Inc. have responded to the Claimant's Motion for Award. Respondents assert that the



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Guaranty was executed without any consideration. They contend that absence of consideration renders the Guaranty contract, as between Claimant and the Respondents, null and void.

Respondents further aver that when Choice and Faith Investments extended the construction deadline, the Respondents were not notified of the Amended Agreement and never signed that extension agreement. They have not claimed any harm as a result thereof.

Respondents state that Mr. LeBlanc suffered from Parkinson disease for approximately thirteen (13) years until his death on May 23, 2020. They state that the Parkinson disease caused Mr. LeBlanc to give up his plan to build and operate a Choice branded hotel. Respondents did not contend that Mr. LeBlanc's death, some two years after the Hotel was to begin operating, excused Respondents from its obligations under the Franchise Agreement or the Guaranty.

Respondents contend that Mr. LeBlanc's $25,000.00 payment to Claimant for the franchise that he never received, should be treated as a credit in favor of Faith Investments, LLC.

## CLAIMANT'S POSITION

The Claimant submitted a Reply to the Respondent's Response. In that Reply the Claimant addresses the issue of no consideration for the signing of the Guaranty, asserting that both Mr. LeBlanc and Dr. Johnson both signed the Franchise Agreement as members of Faith Investments, LLC, and then simultaneously or contemporaneously signed the Guaranty, with their signatures on both documents dated January 31, 2014. Claimant argues that therefore the parties are individually, jointly, and severally liable for damages to the Claimant.

The Claimant asserts that under Section 4 of the Franchise Agreement, the $25,000.00 fee was an affiliation fee which was paid to Choice as consideration for Choice entering into the Franchise Agreement and Guaranty. That fee was thus fully earned on the date the agreements were signed and that fee is non-refundable, as provided in the Franchise Agreement.

Finally, Claimant asserts that there has been no showing that Mr. LeBlanc, either on behalf of Faith Investments or his self individually lacked capacity to execute the documents which he signed, not withstanding that he was suffering from some stage of Parkinson disease.

With respect to the Guaranty issue and the claimed lack of consideration, the Claimant contends that under Maryland law (the governing law in this arbitration) the Guaranty in this case is a suretyship that does not require a separate consideration to be valid and binding on the parties.

## Conclusions and Findings

Based on the evidence presented in this arbitration, I conclude and make the following findings.



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

The parties signed a binding Franchise Agreement. In consideration for the Claimant signing the Franchise Agreement, which entitled the Respondents to the opportunity to build and operate a Choice branded hotel, the Respondents paid the Claimant a fee of twenty-five thousand dollars ($25,000.00), which fee was fully earned when the Franchise Agreement was signed, and thus was not refundable.

The Respondents failed to build and operate the Hotel within the time allotted under the Franchise Agreement. In fact, the Respondents never completed construction of the Hotel. The Claimant was authorized to terminate the Agreement and did. The Hotel was never operated, so there are no franchise fees to which the Claimant would be entitled. The Claimant is entitled to the liquidated damages of $115,200.00 provided in the Agreement. The Claimant is also entitled to the arbitration costs and arbitrator fees as provided in section 16 of the Agreement.

Under the Agreement, Maryland law is controlling. According to Maryland law, the Guaranty is a suretyship which does not require a separate consideration, as argued by the Respondents. Therefore, under the Guaranty the Respondents are responsible for damages caused by the failure to build and operate the Hotel. Respondent Dr. Earnest L. Johnson signed the Guaranty as President of the Louisiana Community Development Capital Fund, Inc., as well as signing the Guaranty in his individual capacity.

## RECORD REOPENED

On July 1, 2025, the AAA advised the arbitrator that Respondents Jules LeBlanc, III and Faith Investments, LLC had not received AAA Communications concerning this arbitration since it was resumed in April 2024. Although Jules LeBlanc, III was reported to have died in 2020, and Dr. Earnest Johnson was a member of Faith Investments, LLC, the record in this arbitration was reopened until July 29, 2025, in order to allow Jules LeBlanc, III and Faith Investments, LLC to request the opportunity to submit any information in this arbitration or to request an in-person hearing. By notice of July 8, 2025, both Jules LeBlanc, III and Faith Investments, LLC were provided notice of such opportunity at their addresses of record. As of July 29, 2025, neither Respondent made any appearance, submission, or request in this arbitration. At that time, the record in this arbitration was again closed. This reopening of the record does not affect the Award in this arbitration.

## AWARD

Based on the evidence and the record submitted, I find that the Claimant is entitled to and is awarded the liquidated damages of $115,200.00.

The administrative fees of the American Arbitration Association totaling $1,925.00 and the compensation of the arbitrator totaling $6,591.67 shall be borne by Respondents. Therefore, Respondents shall reimburse Claimant the sum of $8,516.67, representing the fees and costs



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

previously incurred by Claimant, upon demonstration by Claimant that these incurred costs have been paid.

Therefore, the Respondents, jointly, individually, and severally, owe the Claimant the Award in the total amount of $123,716.67, payable within 30 days of the date of this Award.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

September 02, 2025
DATE

Ronald A. Kienlen, Arbitrator



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Exhibit "E"

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Southeast Case Management Center
Jillian Garrett
Assistant Vice President
2200 Century Parkway
Suite 300
Atlanta, GA 30345
Telephone: (404)325-0101
Fax: (877)395-1388

August 29, 2025

Zachary E. Berge, Esq.
Choice Hotels International, Inc.
915 Meeting St, Ste 600
Bethesda, MD 20852
Via Email to: zachary.berge@choicehotels.com

Arthur R. Thomas, Esq.
Arthur R. Thomas & Associates, LLC
3313 Government Street
Baton Rouge, LA 70806
Via Email to: rthomas51@gmail.com

Jules LeBlanc, III
Faith Investments, LLC
14725 Villa Court
Baton Rouge, LA 70818
Via Mail

Case Number: 01-20-0000-3047

Choice Hotels International, Inc.
-vs-
The Louisiana Community Development Capital Fund, Inc. "Capfund", and Dr. Earnest Johnson
-vs-
Faith Investments, LLC and Jules B. LeBlanc, III

Dear Parties:

Pursuant to R-40(c) of the Commercial Arbitration Rules, the American Arbitration Association is extending the award deadline until September 5, 2025.

Please contact the undersigned with any questions.

Sincerely,

/s/
Tatenda Rameau
Case Administrator
Direct Dial: (404) 868-4946
Email: commercialservice@adr.org

cc:
Jules LeBlanc, Designated Rep.
Jamie L. Thrasher

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

AMERICAN ARBITRATION ASSOCIATION®

2200 Century Parkway, Suite 300, Atlanta, GA 30345

ATLANTA GA RPDC 302
3 SEP 2025 PM 1

US POSTAGE PITNEY BOWES
ZIP 30345 $ 000.74⁰
02 4W
0000389107 SEP. 03. 2025

Received 9/6/25

32201-440303

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:56 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Arthur R. Thomas, Esq.
Arthur R. Thomas & Associates, LLC
3313 Government Street
Baton Rouge, LA 70806

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Exhibit "E"

Outlook

**Re: Choice Hotels International, Inc. v. The Louisiana Community Development Capital - Case 01-20-0000-3047**

From Arthur Thomas <artthomas51@gmail.com>
Date Sat 9/13/2025 9:46 AM
To ernestjohnson lacapfund.com <ernestjohnson@lacapfund.com>
Cc Commercial Service Team <commercialservice@adr.org>; zachary.berge@choicehotels.com <zachary.berge@choicehotels.com>; jamie.thrasher@choicehotels.com <jamie.thrasher@choicehotels.com>; rthomas51@gmail.com <rthomas51@gmail.com>; ernestjohnson lacapfund.com <ernestjohnson@lacapfund.com>

Please note I only have one email which I have had for more than 15 years which is artthomas51@gmail.com. The only other email I've used in past is artthomas1@cox.net. Have no idea where the email you have referenced originated!

Thanking you in advance.

Arthur R. Thomas
Attorney At Law
Sent from my iPhone

On Sep 13, 2025, at 9:14 AM, ernestjohnson lacapfund.com <ernestjohnson@lacapfund.com> wrote:

In your email you state that you are providing an email dated September 12, 2022 to all parties. Where is the September 12, 2022 email because it was not attached to your email?

---

**From:** Commercial Service Team <commercialservice@adr.org>
**Sent:** Friday, September 12, 2025 5:20 PM
**To:** zachary.berge@choicehotels.com <zachary.berge@choicehotels.com>; jamie.thrasher@choicehotels.com <jamie.thrasher@choicehotels.com>; rthomas51@gmail.com <rthomas51@gmail.com>; artthomas51@gmail.com <artthomas51@gmail.com>; ernestjohnson lacapfund.com <ernestjohnson@lacapfund.com>
**Subject:** RE: Choice Hotels International, Inc. v. The Louisiana Community Development Capital - Case 01-20-0000-3047

Good afternoon,

As there appears to be an additional email address for Arthur Thomas, we are providing the email dated September 12, 2022 to all parties with email addresses on record.

Best regards,

Tatenda Rameau

**Commercial Service Team**
Commercial Service Team

American Arbitration Association
2200 Century Parkway, Suite 300, Atlanta, GA 30345
E: commercialservice@adr.org
adr.org | icdr.org | aaaicdrfoundation.org
Explore the new ADR.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

-----Original Message-----
From: commercialservice@adr.org <commercialservice@adr.org>



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Sent: Friday, September 12, 2025 12:25 PM
To: zachary.berge@choicehotels.com; jamie.thrasher@choicehotels.com; rthomas51@gmail.com
Subject: Choice Hotels International, Inc. v. The Louisiana Community Development Capital - Case 01-20-0000-3047

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.



Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

EXHIBIT-6

**ERNEST L. JOHNSON**
**ATTORNEY AT LAW**
**3313 Government Street**
**Baton Rouge, Louisiana 70806**
**(225) 413-3219**

**September 10, 2025**

**By:** **Email: commercialservice@adr.org and priority mail**

**To:** American Arbitration Association
Frances Crusoe, Senior Case Administrator
2200 Century Parkway, Suite 300
Atlanta, GA 30345

**Re:** AAA Case No. 01-20-0000-3047
**Parties:** *Choice Hotels International, Inc.* vs. *The Louisiana Community Development Capital Fund, Inc. ("Capfund") and Dr. Earnest Johnson* vs. *Faith Investments, LLC and Jules B. LeBlanc, III*

Dear Case Administrator/AAA Representative:

Your office was informed in a letter dated June 17, 2020 that attorney Earnest Johnson was representing The Louisiana Community Development Capital Fund, Inc. ("Capfund") and himself ("Respondents") as co-counsel with attorney Arthur Thomas.[1] You were further made aware of this fact as shown by attorney Johnson's signature to the Respondents' Response to the Motion for Award filed in this matter on October 18, 2024.[2] Despite these notifications, attorney Johnson has never received any notices or any documents filed in this matter from your office. Additionally, it appears from your August 29, 2025 letter to attorney Thomas that someone has been appointed to represent Jules LeBlanc. This is the first time that we have been notified of this appointment and has not received any information or pleadings regarding the appointment.

Attorney Johnson spoke to Ms. Frances Crusoe on September 9, 2025 to inquire as to whether any documents had been filed before the September 5, 2025 AAA arbitrary extension deadline and lack of any notices sent to him in this case. No clear response was given and he was informed that a supervisor/manager would call him. This written objection is hereby submitted to protect the due process rights of The Louisiana Community Development Capital Fund, Inc. and Earnest L. Johnson

This correspondence serves as a formal **objection** to the AAA's issuance of an award deadline extension pursuant to **Rule R-40(c)** of the Commercial Arbitration Rules, as set forth in your certified letter dated **August 29, 2025**, which was **received at attorney Thomas's office on Saturday, September 6, 2025 and first seen by him on Monday, September 8, 2025.**

---

[1] See attached copy of June 17, 2020 letter made a part hereof.
[2] See attached copy of October 18, 2024 Response made a part hereof.

Jere' Coates

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

### Objection to Extension of Deadline Without Party Agreement

To date, **Capfund and Dr. Johnson** have **received no prior communications from the Arbitrator or the AAA** regarding delays in the issuance of the final award or any request for extension under R-40(c). The scheduling order in this matter required:

- Claimant's reply due **November 1, 2024**; and
- The Arbitrator to issue a decision **within 30 days** after the hearing record was confirmed closed.

Based on that timeline, **the final award should have been issued months ago, and no motion for extension or notice of delay was served upon our clients,** in violation of basic procedural fairness.

Rule R-40(c) permits the AAA to extend the deadline **"for good cause"**, but there is **no record of any cause or justification being provided,** nor any notice to the parties or opportunity to object before the extension was granted.

### Prejudice and Due Process Concerns

The **failure of the Arbitrator to render a timely award,** without any explanation, coupled with the **AAA's unilateral extension of the deadline**—*post hoc* and *without party input*— is highly prejudicial to our clients. It violates the fundamental principle that arbitration be conducted with fairness, transparency, and adherence to the agreed schedule.

Moreover, **continued inaction for nearly a year**, absent any communication or procedural updates, is **grounds for dismissal** or vacatur under applicable arbitration standards, including under the **Federal Arbitration Act**, where **undue delay or failure to issue an award within the required time** may warrant vacating or denying enforcement of an award.

### Request for Relief

Accordingly, **Capfund and Dr. Johnson respectfully request the following:**

1. **Immediate dismissal** of the pending arbitration due to the Arbitrator's failure to comply with the scheduling order and issue a timely award;
2. Alternatively, a hearing before the AAA to determine whether the Arbitrator's failure constitutes a material procedural default or prejudicial delay warranting dismissal or reassignment of the matter;
3. A full record of communications between the Arbitrator and AAA regarding this extension and any delays; and
4. A formal objection placed in the record regarding the September 5, 2025 extension.

We reserve all rights to seek relief in any appropriate judicial forum regarding these procedural irregularities and any adverse award issued beyond the agreed timeline.

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Thank you for your attention to this matter. Please confirm receipt and advise of next steps.

Sincerely,

*Ernest L. Johnson*
Attorney at Law
3313 Government Street
Baton Rouge, Louisiana 70806
(225) 413-3219
ernestjohnson@lacapfund.com

Co-Counsel for Respondents
The Louisiana Community Development Capital Fund, Inc. and Dr. Earnest Johnson

Cc: Attorney Arthur Thomas
Attorney Zachary E. Berge

Certified True and Correct Copy
CertID: 2025100200729

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
10/2/2025 2:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

CSC

ASE / ALL
**Transmittal Number: 32426543**
**Date Processed: 10/08/2025**

# Notice of Service of Process

**Primary Contact:** Stuart Kreindler
Choice Hotels International, Inc.
915 Meeting St
Ste 600
North Bethesda, MD 20852-2380

**Electronic copy provided to:**
Etoila Leahy
Alaina Spears
Jasmine Bernabe
Donna Case
Eliza Ballin
Scott Bissell
Gloria Morales
Corporatetax

| | |
|---|---|
| **Entity:** | Choice Hotels International, Inc.<br>Entity ID Number 0011986 |
| **Entity Served:** | Choice Hotels International, Inc. |
| **Title of Action:** | Choice Hotels International, Inc. vs. The Louisiana Community Development Capital Fund, Inc. |
| **Matter Name/ID:** | Choice Hotels International, Inc. vs. The Louisiana Community Development Capital Fund, Inc. (17997490) |
| **Document(s) Type:** | Motion |
| **Nature of Action:** | Contract |
| **Court/Agency:** | East Baton Rouge Parish District Court, LA |
| **Case/Reference No:** | C-768215 25 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 10/07/2025 |
| **Answer or Appearance Due:** | 11/05/2025 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ernest L. Johnson<br>225-413-3219 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

EXHIBIT
A

SERVICE COPY

D17795964

# RULE NISI

CHOICE HOTELS INTERNATIONAL, INC., ET AL
(Plaintiff)

VS

THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC., ET AL
(Defendant)

NUMBER C-768215 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO: CHOICE HOTELS INTERNATIONAL, INC.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CORPORATION SERVICE COMPANY
450 LAUEL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

The Mover in this case filed a **MOTION TO VACATE ARBITRATION AWARD ATTACHED MEMORANDUM AND ORDER**. Certified copies and the Court's Order are attached.

You **MUST** come to Court at **09:00 AM** on **11/05/2025** in Room **10C**, 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

*** * * * * SEE ATTACHED ORDER * * * * *.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **OCTOBER 2, 2025**.

SEAL OF THE CLERK OF THE PARISH OF EAST BATON ROUGE, LA

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: JOHNSON, ERNEST LLOYD**

**SERVICE INFORMATION:**

Received on the _____ day of _______________, 20____ and on the ________ day of _______________, 20______, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at ______________________________.

**DOMICILIARY SERVICE:** On the within named ________________________, by leaving the same at his domicile in this parish in the hands of ____________________, a person of suitable age and discretion residing in the said domicile at ____________________.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named ____________________ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _________ day of _______________, 20_____.

RECEIVED
DATE
OCT 06 2025
E.B.R. Sheriff's Office

SERVICE: $__________
MILEAGE $__________
TOTAL: $__________

______________________________
Deputy Sheriff