**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC., ET AL.**

**CIVIL ACTION**

**NO. 25-985-SDD-RLB**

**VERSUS**

**CHOICE HOTELS INTERNATIONAL, INC.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 21, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC., ET AL.**

**CIVIL ACTION**

**VERSUS**

**NO. 25-985-SDD-RLB**

**CHOICE HOTELS INTERNATIONAL, INC**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (R. Doc. 14). The motion is opposed. (R. Doc. 22). Plaintiff filed a reply. (R. Doc. 33). Defendants filed a sur-reply. (R. Doc. 35).

**I. Background**

On September 16, 2025, The Louisiana Community Development Capital Fund, Inc. and Ernest Johnson ("Plaintiffs") filed a Motion to Vacate Arbitration Award ("Motion to Vacate") in the 19th Judicial District Court for the Parish of East Baton Rouge. (R. Doc. 11-1). The Motion to Vacate was filed in the state lawsuit entitled *Choice Hotels International, Inc. v. The Louisiana Community Development Capital Fund, Inc. and Earnest L. Johnson v. Faith Investments, LLC and Jules LeBlanc, III*, Docket No. C-768215, Section 25. (R. Doc. 11-1 at 1). Neither Faith Investments, LLC nor Jules LeBlanc, III advanced any claims, nor were any claims advanced adverse to Faith Investments, LLC nor Jules LeBlanc, III. (R. Doc. 11-1 at 3).

In the Motion to Vacate, Plaintiffs seek to vacate an arbitration award, dated September 2, 2025, which orders Plaintiffs to pay Choice Hotels International, Inc. ("Defendant") liquidated damages and arbitration costs/fees in the amount of $123,716.67. (R. Doc. 11 at 2). Plaintiffs do not contest the amount of the award; Plaintiffs contest that the award was rendered under procedurally defective circumstances. (R. Doc. 11 at 2-3; R. Doc. 14-4 at 5). There is no dispute that Defendant was served with process on October 7, 2025. (R. Doc. 11 at 3).

Defendant removed this action on October 27, 2025. (R. Doc. 1). On November 7, 2025, this Court ordered the removing defendant to file an amended notice of removal setting forth all the citizenship particulars required to sustain federal diversity jurisdiction. (R. Doc. 10). Defendant filed its Amended Notice of Removal on November 7, 2025, asserting that this court can properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 11). The Amended Notice of Removal alleges that Plaintiffs were domiciled in Louisiana at the time of the removal and Defendant is a domiciled in both Delaware and Maryland. (R. Doc. 11 at 3).

Plaintiffs are seeking remand of this case on the basis that (i) the amount in controversy does not exceed $75,000 as the Motion to Vacate seeks solely to invalidate the arbitration award and does not seek monetary damages; (ii) there is a lack of diversity due to Defendant being "essentially at home" in Louisiana; (iii) there is a lack of diversity due to Defendant having a principal business establishment, registering to do business, and appointing an agent for service of process in Louisiana, which operates as Defendant's consent to general jurisdiction in Louisiana; and (iv) there is a lack of diversity due to Defendant being a citizen of Louisiana. (R. Doc. 14-4).

In its Opposition to Motion to Remand by choice Hotels International, Inc. ("Opposition"), Defendant alleges that (i) the arbitration award establishes that the amount in controversy is met; (ii) the parties' settlement discussions do not divest this Court of jurisdiction; and (iii) this Court has diversity jurisdiction because Defendant is not a citizen of Louisiana. (R. Doc. 22).

Plaintiffs' Reply Memorandum in Support of Motion to Remand ("Reply") raised two new arguments. (R. Doc. 33). First, as Plaintiffs have filed a Motion to Vacate and not a "petition" and as Defendant sought damages in the underlying arbitration action, Plaintiffs are

truly the defendants in the underlying state lawsuit, so Defendant does not have the authority to remove the matter to federal court. (R. Doc. 33). Second, removal of this action is against Louisiana Public Policy due to Louisiana's strong policy against adhesionary arbitration clauses. (R. Doc. 33 at 8). Additionally, Plaintiffs reasserted their arguments regarding the jurisdictional amount being insufficient and a lack of diversity among the parties. (R. Doc. 33).

Defendant's Sur-Reply by Choice Hotels International, Inc. to Reply to Motion to Remand ("Sur-Reply") reasserts its previous arguments regarding the jurisdiction amount and diversity of the parties and addresses the Reply's new arguments. (R. Doc. 35). Defendant argues that the public policy argument is irrelevant to the issue of remand. (R. Doc. 35). Further, Defendant argues that since Plaintiffs invoked the court's involvement, Plaintiffs are the proper plaintiffs in the underlying state court case, and Defendant therefore has the authority to remove the matter to federal court. (R. Doc. 35).

## II. Law and Analysis

### A. Removal Legal Standards

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912,

916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("[P]arty seeking to invoke federal diversity jurisdiction bears the burden of [proof]."); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)); *see also Getty Oil*, 841 F.2d at 1259 ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'") (citing cases); *B., Inc. v. Miller Brewing*, 663 F.2d 545, 549 (5th Cir.

1981) ("where an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction"). If, however, plaintiff makes a good faith challenge to the factual allegations in the removal notice, then the burden is on the removing defendant to prove the existence of the jurisdictional facts. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). "In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship." *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, No. 13-816, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, but are required, if applicable, to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar*, 47 F.3d at 1412.

**B. Law & Analysis**

**i. Defendant, Choice Hotels International, Inc., is the Proper Party to Remove this Matter.**

The Court will first address the issue of which party is the proper party to remove this matter to federal court. Although this Court is not required to address new arguments raised in a reply memorandum[1], both parties briefed the issue, so this Court will address the argument.[2] *See U.S. v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) (court has discretion to consider new arguments raised by movant's reply brief and may exercise that discretion where there is no surprise or prejudice to the non-movant); *U.S. v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2003) (court exercised its discretion to consider arguments raised for the first time in the defendant's reply brief because the government's opposition "devoted four pages" to the same issue).

"A removal by a non-party or party other than a 'defendant' is a procedural defect in removal under Section 1447(c)." *Giurintano v. McGee*, No. 23-774, 2023 WL 9290683, at *4 (M.D. La. Dec. 12, 2023), *report and recommendation adopted*, 2024 WL 189004 (M.D. La. Jan. 17, 2024); *Weekes v. Allstate Fire & Cas. Ins. Co.*, No. 23-266, 2023 WL 5517222, at *6 (N.D. Tex. Aug. 25, 2023) ("The defect involved in removal by a non-party (or a party other than a defendant) is based on Section 1441(a)'s requirements and therefore ... only implicates removal jurisdiction.").

---

[1] This argument was first raised in Plaintiffs' Reply (R. Doc. 33).

[2] Plaintiffs additionally raised an argument regarding Louisiana's strong policy against adhesionary arbitration clauses and Louisiana courts' unwillingness to enforce arbitration clauses that deprive citizens of meaningful consent. (R. Doc. 33 at 8). Although both parties briefed the issue, this Court agrees with Defendant that Plaintiffs failed to show how this argument is related to the issue of remand and therefore will disregard the argument.

Plaintiffs initiated the state court proceeding by filing the Motion to Vacate.[3] (R. Doc. 1-1). When Plaintiffs initiated the state court suit, Plaintiffs created the caption, entitling the suit as *Choice Hotels International, Inc. v. The Louisiana Community Development Capital Fund, Inc. and Earnest L. Johnson v. Faith Investments, LLC and Jules LeBlanc, II*, placing Plaintiffs in the spot traditionally held by the defendant in the caption. (R. Doc. 33 at 4). When Defendant initially removed the action, it entitled the federal court suit as *The Louisiana Community Development Fund, Inc. and Earnest L. Johnson v. Choice Hotels International, Inc.*, placing Defendant in the spot traditionally held by the defendant in the caption. (R. Doc. 33 at 4). Plaintiffs allege that by switching of the parties in the caption, Defendants "unilaterally reversed the party alignment" in an attempt to create a right of removal. The Court does not find this argument persuasive.

"In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (internal citation omitted). The plaintiff is the party whose intent is "to achieve a particular result, such as the recovery of property or money, is the 'mainspring of the proceedings,'" and "is responsible for the continued existence of the action." *In re Gardner*, No. CIV.A.06 9154, 2007 WL 625825, at *2 (E.D. La. Feb. 26, 2007) (internal citations omitted). The party "opposing or resisting the plaintiff's claim is the defendant, who may remove." *Id*. Plaintiffs initiated the state court action, requesting the relief of vacating the arbitration award. (R. Doc. 1-1). Defendant opposed the relief sought. (R.

[3] Plaintiffs' argument that they have not filed a "petition" is illogical. Plaintiffs filed the Motion to Vacate, which is the *initial pleading* in the underlying state lawsuit. The Motion to Vacate therefore operates as the relevant pleading for purposes of removal. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant … of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based.") (emphasis added); *See Lavigne v. Louisiana ex rel. Dep't of Just.*, No. CIVA 09-273-HGB-JW, 2010 WL 1838353, at *2 (M.D. La. May 3, 2010) ("a court is not bound by how a party labels its motion").

Doc. 1-1). Based on the parties' respective roles in the state court action, Plaintiffs are the plaintiffs in the state court action, and Defendant is the defendant in the state court action. The party's placement in the caption is inconsequential.

Further, "[c]ases addressing the identity of defendants in terms of arbitration related matters generally hold that the plaintiff, for the purposes of removal, is the party which initiates judicial intervention and not the party which initiated arbitration." *Certain Underwriters at Lloyd's v. Bristol-Myers Squibb Co.*, 51 F. Supp. 2d 756, 759 (E.D. Tex. 1999) (*citing Sears Roebuck & Co. v. Glenwal Co.*, 325 F. Supp. 86, 88 (S.D.N.Y. 1970) and *In re Victorias Milling Co. v. Hugo Neu Corporation*, 196 F. Supp. 64 (S.D.N.Y. 1961)); *see also Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 355 (2d Cir. 1995) (upholding removal by plaintiff in arbitration action when defendant in arbitration action filed a petition to stay arbitration in state court); *see also Herrera v. XPO Cartage, Inc.,* No. CV 17-3912-R, 2017 WL 3738182, at *1 (C.D. Cal. Aug. 28, 2017) ("Because XPO, by its own affirmative and voluntary act, chose to initially file the instant suit in state court, it should be bound by its choice of forum."). The role of the parties in the arbitration is not determinative of parties' respective roles in the state court proceeding. *Id.*

In recognition that the plaintiff has the ability to choose the federal court as its forum upon the initial filing of a lawsuit, the purpose of removal is to allow the defendant in the state court proceeding the same ability to choose the federal court as its forum, providing both parties the opportunity to select the federal court in cases within the federal court's original jurisdiction. *Oppenheimer & Co.*, 56 F.3d at 356. When filing the Motion to Vacate in state court, Plaintiffs exercised their right to choose the forum of the lawsuit, choosing state court. If Plaintiffs were then deemed the defendant in the underlying state court lawsuit, Defendant would never have the opportunity to choose federal court as the forum of the lawsuit. *Id.*

**ii. The Amount in Controversy Exceeds $75,000.**

"The Fifth Circuit has held that the amount in controversy in an action to confirm, modify, or vacate an arbitration award is based on the amount demanded in the underlying arbitration, not the amount of the actual arbitration award." *Winn v. Cucci,* No. CV 16-43-BAJ-RLB, 2018 WL 4622597, at *3 (M.D. La. May 2018), *report and recommendation adopted in part*, No. CV 16-00043-BAJ-RLB, 2018 WL 2933394 (M.D. La. June 2018) (citing *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179 (5th Cir. 2016). Plaintiffs' Motion to Vacate, the initial pleading in this matter, seeks to vacate the arbitration award. (R. Doc. 1-1).[4]

Defendant claims it made the initial demand of $115,200 in the arbitration proceeding. (R. Doc. 35 at 7; R. Doc. 35-1 at 1). Plaintiffs claim that the settlement offers from Defendant of $24,000, which was made five years prior to the arbitration award, and $40,000, which was made post-removal, shows the amount in controversy.[5] (R. Doc. 14-4 at 5-6). Plaintiffs cite to *Wilson v. DG Louisiana, LLC*, No. CV 24-2957, 2025 WL 2434382, at *3 (E.D. La. Aug. 25, 2025) to support their contention that a settlement offer shows the amount in controversy. (R. Doc. 14-4 at 6). However, the Court finds that *Wilson* is distinguishable as it is not related to a motion to confirm, modify, or vacate an arbitration award and therefore fails to circumvent clear 5th Circuit precedent. *See Pershing, L.L.C.*, 819 F.3d at 182-3; *see also Wilson*, 2025 WL 2434382 at *1.

Plaintiffs have provided no evidence that the amount alleged by Defendant was not the initial demand in the arbitration proceeding. Therefore, the amount in controversy is $115,200, which exceeds the $75,000 threshold requirement for diversity jurisdiction.

---

[4] Even if the Court were to consider the "award" approach to amount in controversy, jurisdiction would remain appropriate as the award itself was also over $75,000.

[5] Plaintiffs seemingly argue that Plaintiffs accepted the $24,000 settlement offer in October 2025 as Defendant did not communicate a revocation of the offer prior to Plaintiffs' acceptance. This issue is not relevant to removal and does not create ambiguity regarding the proper parties or the amount in controversy. The Court will not address this argument.

**iii. Complete Diversity Exists.**

The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). A corporation's principal place of business is its “nerve center,” meaning “the place where a corporation's officers direct, control, and coordinate the corporation's activities,” which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). “Although a corporation may conduct business activities in different locations across multiple states, there can only be one ‘nerve center.’” *Crews v. FAE, LLC*, No. 6:18-CV-01647, 2019 WL 2413509, at *4 (W.D. La. Mar. 19, 2019) (citing *Hertz Corp.*, 559 U.S. at 93).

When determining the principal place of business, the 5th Circuit has stated these general rules: “(1) when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business, (2) when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant, but (3) when the activity of a corporation is passive and the “brain” of the corporation is in another state, the situs of the corporation's “brain” is given greater significance. *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401 (5th Cir. 1987). (internal citations omitted). The corporation's operations and nerve center must be examined in each case in the context of the organization of that particular business. *Id*.

Defendant asserts that it is a corporation incorporated in the State of Delaware with its principal place of business in Rockville, Maryland, making it a citizen of both Delaware and Maryland. (R. Doc. 11 at 3). Plaintiffs attempt to use multiple tests to show that Defendant is a

citizen of Louisiana but ultimately fail to provide evidence of Defendant's place of incorporation or principal place of business being in Louisiana.

First, Plaintiffs assert that Defendant is a citizen of Louisiana because it has a "principal business establishment" in Louisiana, is registered to do business in Louisiana, maintains a registered office in Louisiana, and has appointed an agent for service of process in Louisiana. (R. Doc. 14-4 at 7). Plaintiffs claim Defendant is therefore "doing business" in Louisiana pursuant to La. R.S. 12:303(A)-(C). (R. Doc. 14-4 at 7). La. R.S. 12:303 addresses whether a certificate of authority may be issued to a foreign corporation under Louisiana law and is therefore irrelevant to the determination of citizenship under diversity subject matter jurisdiction. *See* La. R.S. 12:303. Further, citizenship of a corporation is determined by its principal place of business, not the party's "principal business establishment." *See* 28 U.S.C. § 1332(c)(1); s*ee also Deal v. Outback Steakhouse of Fla., L.L.C.*, No. 19-00904, 2020 WL 1272628, at *7 (W.D. La. Feb. 2020) (stating that the principal business establishment of a corporation for the purpose of compliance with the Louisiana statutes is not its principal place of business for purposes of diversity jurisdiction). Whether a party has registered to do business in Louisiana, maintains a registered office in Louisiana, and/or appointed an agent for service of process in Louisiana are not determinative of citizenship for purposes of diversity subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Second, Plaintiffs attempt to use the standard created in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) to show Defendant is a citizen of Louisiana for the purpose of diversity subject matter jurisdiction, which is incorrect. In *Daimler*, the Supreme Court of the United States held

that a forum has *general* jurisdiction over a defendant when "their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (internal citations omitted). Plaintiffs allege that Defendant has "pervasive business activity within Louisiana," including the operation and supervision of numerous branded hotel properties, employment of staff and consultants, and ongoing solicitation of Louisiana consumers, which render Defendant "at home in this forum" and make Defendant a citizen of Louisiana (R. Doc. 14-4 at 7). However, *Daimler* provides the standard for general jurisdiction over a foreign corporation and is not relevant to the issue of subject matter jurisdiction. *See Daimler AG,* 571 U.S. at 138-9. All other arguments using the standard for general jurisdiction in *Daimler* are therefore incorrect and not considered by this Court.

Third, Plaintiffs argue that Defendant having a principal business establishment, registering to do business, and appointing an agent of service of process in Louisiana operates as Defendant's consent to general jurisdiction in Louisiana pursuant to La. R.S. 12:303; therefore, Plaintiffs argue Defendant has consented to this Court's jurisdiction. (R. Doc. 14-4 at 8). Again, the statute cited is not relevant to subject matter jurisdiction. *See* La. R.S. 12:303 (stating the requirements for a foreign corporation's corporate name to receive a certificate of authority in Louisiana).[6] With this argument, Plaintiffs again conflate general jurisdiction and subject matter jurisdiction, which is improper. The matter before the court is subject matter jurisdiction, so all arguments as to general jurisdiction are immaterial. Additionally, parties cannot consent to

---

[6] In Plaintiffs' Reply, Plaintiffs cite La. R.S. 12:303 et seq. for the argument that registration of a corporation in Louisiana creates a presumption that Defendant is conducting business in Louisiana and therefore cannot invoke diversity jurisdiction to remove the case. (R. Doc. 33 at 7). Even if registration of a corporation creates a presumption that the corporation is conducting business in Louisiana and therefore consents to jurisdiction, this jurisdiction is limited to Louisiana state court and cannot affect federal jurisdiction. *See United Gas Pipe Line Co. v. Whitman,* 595 F.2d 323, 330 (5th Cir. 1979) ("It is axiomatic that federal courts are courts of limited jurisdiction and that only Congress may retract or expand the limits of federal judicial power.")

subject matter jurisdiction in federal court. *Howery,* 243 F.3d at 919 ("[S]ubject-matter jurisdiction cannot be created by waiver or consent.").

Even considering all facts alleged by Plaintiffs regarding Defendant's actions in Louisiana, Plaintiffs have not established that Defendant's principal place of business is Louisiana. Altogether, Plaintiffs allege: (i) Defendant maintains a principal business establishment is in Louisiana; (ii) Defendant is registered to do business in Louisiana; (iii) Defendant maintains a registered office in Louisiana; (iv) Defendant has appointed an agent for service of process in Louisiana; (v) Defendant operates and supervises numerous branded hotel properties in Louisiana; (vi) Defendant employes staff and consultants in Louisiana; and (vii) Defendant solicits Louisiana consumers. (R. Doc. 14-4; R. Doc. 33). These facts do not establish that Louisiana is the "nerve center" of Defendant as they do not address the operation of the corporation. *See Hertz Corp*., 559 U.S. at 80 (The nerve center is where "a corporation's high level officers, direct, control, and coordinate the corporation's activities."). Based on the representations and attachments contained in the Second Amended Notice of Removal (R. Doc. 11), the Court finds that Defendant's principal place of business is located in Maryland.

**III. Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Remand (R. Doc. 14) be **DENIED.**

Signed in Baton Rouge, Louisiana, on July 21, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**